IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| DEWAYNE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:09-cv-02384-JEO |
| v. | ) | |
| | ) | |
| HARTFORD LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the court on the motion of the plaintiff, Dewayne White, to allow an amendment to his complaint (doc. 8),[1] as well as his motion to remand this matter to the Plan Administrator (doc. 13). The parties have had the opportunity to brief both motions. Upon consideration of the record and the arguments of counsel, this court finds that the motions are due to be denied.

### BACKGROUND

### Procedural History

White filed this ERISA action against Hartford Life & Accident Insurance Company (hereinafter "Hartford" or "the defendant") in the Circuit Court of Etowah County, Alabama, on October 22, 2009. (Doc 1-1). The original Complaint contained only one count asserting that the plaintiff's long term disability benefits under an ERISA plan were improperly terminated. (*Id*.) Hartford's final appeal decision, which terminated White's long term disability benefits, occurred on February 25, 2009. (Doc. 9 at 2). Hartford removed the case to this court on

---

[1] References herein to "Doc. __" are to the document numbers assigned by the Clerk of the Court and are located at the top of each document.

November 24, 2009. (Doc. 1). On February 19, 2010, White moved to amend the Complaint to include a second count: "Count II - Remand." (Doc. 8 at 1). While that motion was pending before this court, White filed his motion to remand the case to the claims administrator. (Doc. 13). The defendant opposes both motions.

## The Parties' Positions

The plaintiff argues that the law in the Eleventh Circuit implicitly requires remand to the administrator for a review of newly submitted evidence. (Doc. 10 at 2).[2] On remand, the plaintiff wants Hartford to consider the following evidence:

    (1) a July 7, 2009 letter from counsel for the plaintiff to Hartford enclosing the plaintiff's affidavit (doc. 13-1);

    (2) a September 9, 2009 letter from plaintiff's counsel enclosing a questionnaire filled out by Dr. Royce and the plaintiff's medical record from April 12, 2007 through July 23, 2009 (doc. 13-2);

    (3) a January 14, 2010 letter from plaintiff's enclosing records kept by Dr. McGee from August 20, 2008 through November 18, 2009, and a social security disability questionnaire (doc. 13-3);[3]

    (4) a July 11, 2009 letter from Hartford to plaintiff's counsel refusing to consider the plaintiff's new evidence (doc. 13-4 at 1);

    (5) a September 16, 2009 letter from Hartford to plaintiff's counsel refusing to consider new evidence (doc. 13-4 at 2);

    (6) a February 26, 2004 letter from CNA Group Life Assurance Company to the plaintiff (doc. 13-4 at 3-4);

    (7) an October 31, 2008 letter from Hartford notifying the plaintiff of termination of his benefits (doc. 13-4 at 5);

---

[2] In support of this assertion, the plaintiff cites *Torres v. Pittson Co.*, 346 F.3d 1324, 1334-1335 (11th Cir. 2003). The court finds, however, that the Eleventh Circuit's findings in *Torres* have no application here. The *Torres* court did not imply "that consideration of subsequently submitted evidence by the disabled employee is required even if submitted after the lawsuit is filed" (*see* doc. 13 at 2), as the plaintiff asserts. Instead, the Eleventh Circuit found it appropriate to remand that case to the district court because of, among other things, insufficient discussion in the briefs and memorandum opinion. *Id*. at 1334. The court did not make any implication regarding remand to the claims administrator for any reason at all.

[3] These first three items were not submitted to Hartford during the original claims process.

  (8) a February 24, 2009 Peer Review Reports completed by Lee Hartner, M.D. and Mark R. Burns, M.D. (doc. 13-4 at 6-8); and,

  (9) a February 2, 2010 letter from counsel for Hartford to counsel for the plaintiff refusing to consider new evidence (doc. 13-4 at 9-10).

White argues that Hartford has a duty to consider these new records, but has refused to do so, and that remand is a proper equitable remedy. (Doc. 10; Doc. 13).

  Hartford argues that after the administrative record is closed, a plaintiff in an ERISA case may not submit new evidence to the court for consideration when reviewing the claims administrator's benefit decision. (Doc. 9 at 6 (citing *Ruple v. Hartford Life and Accident Ins. Co.*, 340 Fed. Appx. 604, 2009 WL 2434999 (11th Cir. Aug. 11, 2009))). Further, it argues that the evidence White seeks to have considered on remand consists of additional medical records from Drs. Royse and McGee. The majority of those records predate the administrative finding, yet White did not submit the records to Hartford during the original claims process. While both the Royse and McGee questionnaires that White seeks to submit were created after the claims decision, the opinions expressed therein were available prior to the claims decision. The court notes that Dr. Royse states that the plaintiff became disabled on April 12, 2007 (doc. 13-2 at 2), and Dr. McGee states that the plaintiff became disabled in August 2008 (doc. 13-3 at 2). The defendant submits that White was under a duty to prove he was entitled to benefits and that he bore the burden of establishing he was entitled to benefits. (Doc. 9 at 7 (citing 29 U.S.C. § 1132(a)(1)(B); *Horton v. Reliance Std. Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998)). Accordingly, Hartford argues that: (1) allowing leave to add a count for remand is futile since an administrator is not required to review evidence outside the administrative record (doc. 9 at 13) and (2) remand is an inappropriate procedural mechanism because the plaintiff has exhausted all available administrative remedies and no provision exists for additional appeals or reopening of

the administrative record (doc. 15 at 2-3).

The final appeals decision was made on February 25, 2009, and the plaintiff's additional evidence was submitted on July 9, 2009, September 8, 2009, and January 14, 2010. Hartford points out, however, that the plaintiff's "new" evidence consists of records available prior to the close of the administrative record (some of which are contained within the Record of the plaintiff's claim), and records that did not come into existence until after its final claim decision was made. (Doc. 15 at 3).

## DISCUSSION

### Motion to Amend (Doc. 8)

A party must obtain leave of he district court or written consent of the adverse party in order to amend a pleading after the filing of a responsive pleading. FED. R. CIV. P. 15(a)(2). Although Rule 15 states that "leave shall be freely given when justice so requires[,]" it is well settled that a court may deny amendment when a motion for leave to amend a complaint would be futile. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court's outright refusal to grant leave is permissible, and not an abuse of discretion, when it is based upon a justifiable reason. *Id.* (indicating that "futility of amendment" is a justifiable reason). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman*, 371 U.S. at 182).

To the extent the plaintiff seeks to add a claim for remand, the court finds that no such independent claim exists. Remand is a remedy, not a cause of action. The plaintiff offers no

authority to establish otherwise.[4]  Therefore, the court finds that the plaintiff's motion to amend is due to be denied.

### Motion to Remand (Doc. 13)

To the extent the plaintiff seeks to have the court remand the case to Hartford for consideration of additional evidence at this juncture, the court finds that the motion to remand is also due to be denied.  Hartford has repeatedly rejected the plaintiff's "new" evidence and has established that the plaintiff has exhausted all administrative remedies.  Furthermore, Hartford asserts that no provision exists within its policy that would allow re-opening of the administrative record.  Therefore, unless and until this court finds that Hartford's decision was arbitrary and capricious, based on an incomplete record, or makes some other finding of inadequacy, it need not determine whether it might consider additional evidence beyond the administrative record, much less whether it might be appropriate to remand the case, including the additional evidence, to Hartford for further consideration.  Such a determination is premature at this juncture, where the court has not yet considered the propriety of Hartford's decision at all.

There must be some finality to an administrative determination and Hartford can not be expected to re-open a case each and every time a claimant submits additional evidence. Otherwise, claims would remain open with claimants being able to submit additional records whenever he or she chooses to visit another doctor.  At this juncture, the court cannot find that

---

[4]As basis for adding a claim for remand in his complaint, the plaintiff argues that remand is a common remedy in ERISA cases and argues that:

> An advantage to including a count for remand is that if the case is subsequently remanded, counsel for Plaintiff will more likely receive an attorney fee under ERISA since relief was granted pursuant to the complaint.  If remand is denied, Plaintiff has stronger arguments on appeal that the Court erred in failing to remand when remand is claimed in the complaint.

(Doc. 10 at 1).  The court, however, is unaware of such a practice.  Absent some authority beyond the plaintiff's assertion, the court is not willing to acknowledge a "claim for remand" now.

Hartford should be forced to re-open the administrative record to evaluate the plaintiff's additional evidence.

## CONCLUSION

Premised on the foregoing, this court finds that the plaintiff's motion to amend (doc. 8) and motion to remand (doc. 13) are due to be denied.  An appropriate order will be entered contemporaneously herewith.

**DONE**, this the 24th day of June, 2010.

_John E. Ott_

**JOHN E. OTT**
United States Magistrate Judge